UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ADAM MAZZARIELLO,

                                    Petitioner,

       v.

UNITED STATES OF AMERICA,

                                    Respondent.

Case #  18-CV-971
            13-CR-211

DECISION AND ORDER

## INTRODUCTION

*Pro se* Petitioner Adam Mazzariello has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the Sentence. ECF No. 256. For the reasons set forth below, the motion is DISMISSED AS MOOT.

## BACKGROUND

On October 2, 2013, Mazzariello was charged, along with his father, James Mazzariello, Jr. and Christopher Mahoney, with conspiracy to pay bribes and gratuities in violation of 18 U.S.C. § 371. The Government alleged that from March 2008 through May 2012, the defendants offered sums of money to City of Buffalo Police Radio Dispatch operators in order to receive advance notice of motor vehicle accidents, made cash payments to certain officers, directed tow truck operators employed by James Mazzariello, Jr.'s tow truck company to make cash payments to officers, and reimbursed tow truck operators for cash payments made to officers.

On May 9, 2017, Mazzariello appeared with counsel before U.S. District Judge Richard J. Arcara and pled guilty pursuant to a written plea agreement to count one of the superseding indictment, which charged a violation of 18 U.S.C. § 371. *See* ECF No. 40; ECF No. 174; ECF No. 260. As part of the plea agreement, Mazzariello waived his right to collaterally attack his

sentence, provided that it was within the contemplated Guidelines range of eighteen to twenty-four months' imprisonment.

At the sentencing hearing on June 7, 2018, trial counsel asked Judge Arcara to consider a "non-jail" sentence, ECF No. 248 at 6, highlighting the facts that Mazzariello had built a successful business and had a strong relationship with his children. *See id.* at 5-6. Judge Arcara imposed a sentence of six months' imprisonment to be followed by one year of supervised release, explaining that a below-Guidelines sentence was justified because Mazzariello had no prior record; appeared to be sincerely remorseful; was working and supporting his family; and had cooperated with the Government. *Id.* at 8.

The day after sentencing, trial counsel filed a motion to have Judge Arcara recommend to the Bureau of Prisons ("BOP") that Mazzariello be permitted to serve his six-month sentence at a halfway house so that he could continue to run the small business of which he was the sole proprietor. ECF No. 237. Trial counsel admitted that he had failed to raise this point at the sentencing hearing, and explained that if Mazzariello were not available, the business would fail. ECF No. 237 at 2. Respondent did not object to the request but, per its policy, did not consent. In a text order dated June 11, 2018, Judge Arcara granted the motion and "so recommend[ed]" that Mazzariello be permitted to serve his sentence at a halfway house. ECF No. 238.

On August 29, 2018, Mazzariello filed the instant habeas application, which consists of a form habeas petition, a memorandum of law, and a motion for bail. ECF No. 256. The form petition and memorandum of law assert two grounds for habeas relief. First, Mazzariello contends that trial counsel misled the Court into mistakenly believing that the BOP had discretion to follow the Court's recommendation to place him in a halfway house. *See* ECF No. 256 at 18–22. Second, Mazzariello asserts that trial counsel failed to request that he be permitted to serve his sentence in

a halfway house or on home confinement in order to avoid dire financial consequences to his business. *See id.* at 22–28. Mazzariello requests that his case be remanded for resentencing so that the Court may impose a sentence of six months to be served in a halfway house or on home confinement. *Id.* at 21, 28. In the accompanying bail motion, Mazzariello requests release from incarceration while his habeas petition is pending. *See id.* at 35–40.

On October 22, 2018, Respondent filed a Response, ECF No. 262. Respondent argues that Mazzariello's claims are procedurally barred by the valid collateral attack waiver in the plea agreement. ECF No. 262 at 4–8. In addition, Respondent contends that Mazzariello's guilty plea was knowing and voluntary, *id.* at 8–11, and that his ineffective assistance claims are without merit. *Id.* at 11–18. Finally, Respondent asserts that neither trial counsel nor Judge Arcara misapprehended the sentencing court's authority to recommend that the BOP designate a halfway house as the place Mazzariello would serve his sentence. *Id.* at 18–20.

Mazzariello did not file a reply. The Court's search of the BOP's Inmate Locator for Adam Mazzariello, Federal Register Number 22958-055, indicates that he was released on January 22, 2019.[1] He has not updated the Court with his current address, as required by Western District of New York Local Rule of Civil Procedure 5.2(d).

## DISCUSSION

### I.  Subject Matter Jurisdiction

Under Article III of the United States Constitution, a federal court's subject matter jurisdiction depends on the existence of an actual case or controversy through all stages of the litigation. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citation omitted). "A court must ensure at all times that it has subject-matter jurisdiction because any ruling or judgment issued without it

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Dec. 2, 2020).

would be only hypothetical in nature." *West v. DOCCS*, No. 05-CV-447, 2018 WL 514052, at *1 (W.D.N.Y. Jan. 23, 2018) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)). "One factor that can deprive a court of subject-matter jurisdiction is the absence of a live controversy." *West*, 2018 WL 514052, at *1 (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)); *see also Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020) ("A matter that has become moot is no longer a case or controversy, and a federal court loses jurisdiction to entertain it.") (citation omitted). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

The sole relief Mazzariello seeks in his habeas petition is an adjustment to his sentence. Specifically, he requests that his six-month term be served at a halfway house or in home confinement. However, Mazzariello has completed his prison term as well as his one-year term of supervised release, and he is no longer in BOP custody. "Once the [petitioner]'s sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted).

On the theory that "most criminal convictions do in fact entail adverse collateral legal consequences," *Sibron v. New York*, 392 U.S. 40, 55 (1968), the Supreme Court "has been willing to *presume* the existence of collateral consequences sufficient to satisfy the case or controversy requirement[,]'" *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999) (quoting *Spencer*, 523 U.S. at 8), even those that "'are remote and unlikely to occur.'" *Id.* (quoting *Spencer*, 523 U.S. at 8). Thus, a habeas petition challenging a criminal conviction itself is not necessarily mooted upon the defendant's release from prison. *See id.*

Mazzariello does not challenge his underlying conviction or the length of his sentence but instead attacks only the place that he was designated to serve his sentence. For this reason, he cannot rely upon the presumption of collateral consequences arising from a criminal conviction to demonstrate a live case or controversy. *See United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (stating that the defendant "cannot rely upon the presumption of collateral consequences arising from a criminal conviction because he does not challenge his conviction—he contests only a sentencing enhancement"). Without a presumption of collateral consequences, Mazzariello "must bear the burden of demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or controversy." *Id.* at 294 (citing *Spencer*, 523 U.S. at 7).

Mazzariello is unable to do so on this record. First, he "has not advanced any argument that 'there may be benefits . . . in having his sentence reduced after he has already served that sentence.'" *United States v. Farmer*, 923 F.2d 1557, 1568 (11th Cir. 1991) (omission in original) (quoting *North Carolina v. Rice*, 404 U.S. 244, 248 (1971) (*per curiam*)). Nonetheless, because Mazzariello is *pro se*, the Court has construed his submissions to raise the strongest arguments they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The Court notes that Mazzariello claims he told counsel that a conviction with jail time "threatened" his business's line of credit with Next Gear Capital and would result in his dealer license not being renewed. *See* ECF No. 256 at 16. To substantiate these claims, Mazzariello submitted a brief letter from Next Gear Capital stating that it was lowering—not closing—his credit line due to his "current circumstances" and was placing a restriction on new purchases. ECF No. 256 at 31. Even accepting Mazzariello's interpretation of the letter—that these changes to his account were made solely because of his incarceration—there is no indication that they are still in place or, if they are, that the Court granting the relief requested by Mazzariello would result in any change to the

restrictions now that he is released. Mazzariello also attached to his petition a letter from the New York State Department of Motor Vehicles ("DMV") declining to renew his dealer license. However, the letter makes clear that the decision was made because he failed to furnish satisfactory evidence of good character and had been found guilty of fraudulent practices; the DMV explicitly stated that these findings were based on his conviction in this Court. ECF No. 256 at 32–33. In other words, the DMV's denial of the license renewal stemmed from Mazzariello's actual criminal conviction, not from the ensuing six-month prison sentence.

Furthermore, as other courts have noted, "the difference between serving an identical sentence pursuant to an unchallenged conviction in home confinement rather than in prison does not affect one's civil liberties." *United States v. Hughes*, No. 05-CV-1990, 2006 WL 2092634, at *5 (D.D.C. July 27, 2006). Because Mazzariello has not established that he suffers any ongoing collateral consequences from his six-month prison sentence, the completion of that sentence renders his petition moot.[2] *See id.* at *4 ("Petitioner does not challenge the legitimacy of his sentence or ask for a reduction in its length. Rather, he only asks to serve it at home, and . . . the passage of time has resulted in Petitioner receiving the requested relief, given that his period of incarceration has ended.") (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982) (habeas petitioners claimed that guilty pleas were unconstitutional due to the trial court's failure to inform them of the mandatory parole requirement but did not seek to replead and sought only an order freeing them from parole supervision; court held that because their sentences had expired during course of proceedings and their liberty or freedom of movement was not curtailed by parole terms that had expired, their claims for habeas corpus relief were moot); *United States v. Manogg*, 991 F.2d 797, 1993 WL 88217, at *1 (6th Cir. Mar. 26, 1993) (unpublished opn.) (where defendant did not

---

[2] Mazzariello also has completed his term of supervised release, which he has not challenged in his habeas petition.

challenge the validity of underlying conviction, motion for modification of sentence length was rendered moot by expiration of sentence during appeal)).

Because it is now "impossible for the court to grant [Mazzariello] any effectual relief[,]" *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks and citations omitted), there is no longer a justiciable case or controversy presented by the habeas petition. Accordingly, the Court is without jurisdiction to decide it. *Lasky v. Quinlan*, 558 F.2d 1133, 1136 (2d Cir. 1977) (citing *Rice*, 404 U.S. at 246). Mazzariello's accompanying request to be admitted to bail pending a decision on his habeas petition likewise has been mooted by his release from prison as well as by the dismissal of the petition. *See, e.g.*, *Campos v. Supt. of Gowanda*, No. 11-CV-3619, 2013 WL 106017, at *4 (S.D.N.Y. Jan. 7, 2013) (dismissal of habeas petition as untimely mooted petitioner's motion for release on bail).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct the Sentence, ECF No. 256, is DISMISSED AS MOOT. Because Petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C, § 2253(c)(2), a certificate of appealability is DENIED. The Clerk of Court is directed to close civil case #18-CV-971.

IT IS SO ORDERED.

Dated: December 2, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

7